UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORGE CAMPOS-REYES,

    Petitioner,

v.                                                        Case No. 8:20-cv-2789-T-02JSS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## O R D E R

    Mr. Campos-Reyes, a Florida prisoner, initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) in which he challenges multiple drug trafficking convictions entered in 2007 in Hernando County, Florida. Because the petition was filed after the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), it is governed by the provisions thereof. *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts, *see* 28 U.S.C. § 2244(b). *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641-42 (1998). Section 2244(b) provides, in pertinent part, that before a second or successive application for habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

    Mr. Campos-Reyes previously sought federal habeas relief in this Court regarding the convictions he challenges in this action. *See Campos-Reyes v. Secretary, Department of Corrections*,

Case No. 8:12-cv-2531-T-30AEP (M.D.Fla.) (petition denied November 14, 2012). Therefore, the instant petition is a successive petition challenging the convictions. Consequently, pursuant to Section 2244(b)(3), Mr. Campos-Reyes was required to obtain authorization from the Eleventh Circuit Court of Appeals prior to initiating this action. *See Medina v. Singletary*, 960 F.Supp. 275, 277-78 (M.D. Fla. 1997) (and cases cited therein). He has not, however, alleged or shown that the court of appeals has authorized this Court to consider his petition. Accordingly, the Court is without jurisdiction to consider the petition,[1] and this case must be dismissed to allow Mr. Campos-Reyes the opportunity to seek said authorization.

It is therefore **ORDERED** that the petition (Doc. 1) is **DISMISSED** without prejudice. The **Clerk of the Court** is directed to send Mr. Campos-Reyes the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b) and close this case.

**DONE and ORDERED** in Tampa, Florida, on December 9, 2020.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Jorge Campos-Reyes, *pro se*

---

[2] *See Wells v. AG*, 2012 U.S. App. LEXIS 7542, at *4 (11th Cir. Apr. 16, 2012) (unpublished) (district court must dismiss second or successive § 2254 petition for lack of jurisdiction unless the prisoner has obtained an order from court of appeals authorizing the district court to consider it).